IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY RICHARD GAITHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:05-2073-RBP-TMP |
| ) | |
| WARDEN, Bullock County ) | |
| Correctional Facility; and the ) | |
| ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254 challenging two felony convictions for driving under the influence he received in the Circuit Court of Calhoun County, Alabama. The petitioner, Larry Richard Gaither, is incarcerated at the Bullock County Correctional Center in Union Springs, Alabama. He filed his *pro se* petition for writ of *habeas corpus* on September 28, 2005.

## **PROCEDURAL HISTORY**

On January 10, 2005, after a bench trial, petitioner was convicted of a felony DUI (case no. CC-03-695) in the Circuit Court for Calhoun County, Alabama.[1] He was sentenced to 10 years in prison.

---

[1] Petitioner was convicted of the felony offense pursuant to Ala. Code § 32-5A-191(h), which provides for any fourth or subsequent conviction of the DUI statute to be punishable by not less than one year and one day and not more than 10 years.

On February 15, 2005, after a jury trial, petitioner was convicted of a second felony DUI charge (case no. cc-03-1335) and of a misdemeanor failure to stop at a red light (case no. CC-03-1336). He was sentenced to 10 years in prison for the DUI, and was given a fine for the failure-to-stop conviction.

Petitioner appealed the first DUI, raising the following issues: (1) whether the trial court abused its discretion in denying the motion for a determination of mental competency; (2) whether he knowingly, intelligently, and competently waived his right to a jury trial; and (3) whether the prosecutor failed to provide proof of prior DUI convictions at trial. The Alabama Court of Criminal Appeals affirmed by memorandum opinion dated October 21, 2005, stating:

> On January 10, 2005, the appellant was found guilty in a bench trial of felony driving under the influence of alcohol. The trial court sentenced him to 10 years' imprisonment and ordered him to pay a $5,000.00 fine, a $50.00 victims compensation assessment, attorney fees and court costs. The State's evidence tended to show that on December 6, 2002, an Anniston police officer stopped Gaither after observing that the tail light of Gaither's vehicle was not working and that Gaither was driving at an extremely slow speed. Gaither was slow to respond to questions; his eyes were glassy; his breath smelled of alcohol; and there was an open can of beer in the passenger seat of his car. When Gaither refused to perform any sobriety tests, the officer placed him under arrest.
>
> I.
>
> The appellant contends that the trial court abused its discretion by denying his motion to continue the case so that he could obtain a second mental evaluation. He argues that, in light of "extraordinary evidence of his prior mental history and prior mental disease," the court should have provided him with an independent and competent psychiatrist and should have conducted a competency hearing. He argues that, in addition to evidence of past mental problems and difficulties with defense counsel, the court was aware of the following evidence that he was suffering from a mental disease or defect: (1) he filed numerous pro-se motions, including a petition to abolish the death penalty; (2) he waived his right to a jury trial; and (3) he rejected a highly favorable plea offer.
>
> After the appellant pleaded "Not Guilty and Not Guilty by Reason of Mental Disease or Defect," the trial court ordered an evaluation of Gaither's mental condition. A copy

of the evaluation has not been included in the record on appeal. However, the comments of the parties and the trial court, as reflected in the trial transcript, indicate that Gaither was examined by "Dr. King," a licensed clinical psychologist. Dr. King found that Gaither suffered from personality and antisocial disorder and from alcohol and analgesic dependence, but that he was competent to stand trial.

In support of the motion for continuance, defense counsel Randy Payne submitted copies of Gaither's medical records from Bryce Hospital, as well as a copy of a commitment order. He argued that Dr. King's finding of competency was "advisory," rather than "absolute," and stated that he had found it "a very difficult and arduous task" to communicate with Gaither "sensibly, legibly (sic), logically, or any other way." He also stated that it was "difficult if not impossible to carry on a complete conversation to discuss the facts and the evidence" with Gaither, and that he believed Gaither was mentally ill and was not competent to stand trial.

The appellant's arguments with regard to his pro-se motions, jury-trial waiver and plea-offer rejection cannot be considered because he failed to raise them at the trial court level. This court will not consider an argument that is raised for the first time on appeal. Eastland v. State, 677 So. 2d 1275 (Ala. Crim. App. 1996). With regard to the appellant's remaining arguments, the trial court has an independent and ongoing duty to prevent the trial of a defendant who is unable to assist in his own defense. Lackey v. State, 615 So. 2d 145 (Ala. Crim. App. 1992). However, proof of incompetence involves more than simply showing that the accused has mental problems or psychological difficulties. Thomas v. State, 766 So. 2d 860 (Ala. Crim. App. 1998). The evidence must indicate a present inability to assist counsel or understand the charges. Nicks v. State, 783 So. 2d 895 (Ala. Crim. App. 1999).

Gaither's hospitalization and commitment occurred in 1986 and were insufficient to prove his incompetence at the time of trial. With regard to Gaither's alleged communication difficulties, defense counsel Randy Payne stated that his co-counsel, Ms. Goudy, had also witnessed Gaither's behavior. The transcript indicates that Ms. Goudy was present in court but that she did not indicate that Gaither was unable to assist her or understand the charges. The prosecutor stated that Gaither had appeared able to communicate well that morning, as he had accurately added his Georgia jail time and his Alabama jail time more rapidly than had his counsel, and he also had provided his Georgia extradition hearing date. Based on the record, the trial court did not abuse its discretion by denying the appellant's motion for continuance.

II.

The appellant contends that he did not knowingly, intelligently and competently waive his right to a trial by jury. He argues that the "only reference" to waiver in the record is the trial court's December 28, 2004, order, which set his case for a non-jury trial. He argues that there is no evidence of a colloquy in the record and that "the only reasonable conclusion" is that his waiver was not voluntary, knowing and intelligent.

The trial transcript reflects that when the court called the case for trial, a discussion ensued as to whether Gaither had waived his right to a jury trial. The defense counsel then stated, in pertinent part: "Your Honor, before we proceed, if the record could show again that through prior discussions with the defendant, Mr. Gaither, he did request that a jury trial be waived in this case and that the Court has granted that." Gaither did not object to his counsel's statement or contend that his waiver had not been knowing, intelligent and voluntary.

Rule 18.1(b)(1), Ala. R. Crim. P., provides that before accepting a defendant's waiver of his right to trial by jury, the trial court shall address the defendant personally in open court, advise him of his right to a jury trial, and ascertain that the waiver is knowing, voluntary and intelligent. The record is silent as to whether those requirements were met in the present case. However, before constitutional issues will be considered on appeal, they must be correctly raised in the trial court. Harris v. State, 794 So. 2d 1214 (Ala. Crim. Ap. 2000). Gaither's failure to challenge his waiver in the trial court preserved nothing for appellate review.

Before the Alabama Rules of Criminal Procedure were enacted, this court considered the issue of jury-trial waiver and held that it had not been preserved for review because no objection was made in the trial court. Spradley v. State, 723 So. 2d 735 (Ala. Crim. App. 1982). In Powers v. State, 723 So. 2d 735 (Ala. Crim. App. 1996), we again considered the issue of jury-trial waiver and held, on return to remand, that nothing in the Alabama Rules of Criminal Procedure or the Committee Comments to the Rules overturned or superceded our decision in Spradley. Gaither's failure to raise the issue of jury-trial waiver in the trial court bars consideration of this issue on appeal.

III.

The appellant contends that the State erred in failing to provide proof of his prior DUI convictions. He argues that the State did not introduce evidence of his prior convictions at trial or treat them as an essential element of the offense. He argues that he therefore should be resentenced for a misdemeanor DUI offense.

At the beginning of trial, the defense counsel stated:

4

> "Your Honor, if I may, we had filed a motion earlier. We would ask that – I think the indictment in this case cites three prior (DUI) convictions. And albeit this is not a jury trial we would want to treat that accordingly. If this was a jury trial we would be moving to redact the indictment of those three charges. <u>And we would ask the Court not consider those three in the guilt phase of this case</u>."

(Emphasis added.)

In <u>Ex Parte Formby</u>, 750 So. 2d 587 (Ala. 1999), the Alabama Supreme Court held that evidence of the defendant's prior DUI convictions should not be presented during the guilt phase of his trial for felony DUI. Gaither is bound by his position at trial and cannot challenge the use of the prior convictions on appeal. "A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions." <u>Perkins v. State</u>, 580 So. 2d 4, 10 (Ala. Crim. App. 1990). The sentencing transcript reflects that certified copies of Gaither's three prior DUI offenses were properly admitted, without objection, at the sentencing hearing. Therefore, Gaither was properly tried and sentenced for felony DUI.

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

Petitioner did not seek review in the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on November 9, 2005.

While awaiting trial, petitioner filed a state *habeas corpus* petition in the Calhoun County Circuit Court, asserting that: (1) the felony DUI statute is unconstitutional; (2) the prosecutions violated his right against double jeopardy because he already was prosecuted for the previous three DUI offenses; (2) he was denied due process by being extradited to Alabama without first receiving a hearing in Georgia; (3) he was subjected to illegal search and seizure during his arrest and was arrested without probable cause. The petition was denied on March 27, 2006. He appealed from the denial of

the petition, and the Alabama Court of Criminal Appeals noted that the petition was properly treated as one filed pursuant to Alabama Rule of Criminal Procedure 32. On appeal, he raised a single claim, in which he argued that the felony DUI statute is unconstitutional in that it violates the prohibition against double jeopardy. The appellate court affirmed by order dated August 11, 2006, stating:

> The appellant, Larry R. Gaither, appeals from the trial court's denial of his petition for writ of habeas corpus. On November 8, 2004 Gaither filed the instant petition challenging his conviction for felony driving under the influence ("DUI"). He alleged that the felony DUI statute was unconstitutional and constituted double jeopardy because he has already been prosecuted for the three underlying DUI offenses that were used to enhance his fourth conviction. In addition, he alleged that he was denied due process when he was extradited to the Calhoun Circuit Court on May 6, 2004 before receiving a hearing in the Fulton County Circuit Court in Atlanta, Georgia. He also alleged that in three prior criminal cases, CC-695, CC-1335, and CC-1336, he was searched without probable cause and without his consent, and that property was seized from him during those searches. Finally, he alleged that he was subjected to bias by the prosecution in case CC-695.
>
> On appeal, Gaither raises the claim that he was subjected to double jeopardy because he has already been punished for the three underlying D.U.I. convictions used for enhancement purposes. His argument is without merit.
>
> In Ex parte Parker, 740 So. 2d 432 (Ala. 1999), the Alabama Supreme Court held that the prior offenses referred to in § 32-5A-191(h), Ala. Code 1975, are for sentencing purposes only. Thus, no double jeopardy occurred. The DUI statute punishes an offender's conduct for the fourth felony only, and has no effect on the punishment for the three previous DUI convictions. This Court has previously held that § 32-5A-191(h), Ala. Code 1975 is a sentence enhancement similar to sentence enhancements under the habitual felony offender act, and other recidivist statutes; thus, it is to be treated in the same fashion. See Altherr v. State, 911 So. 2d 1105, 1114 (Ala. Crim. App. 2004). Because the trial court effectively imposed one sentence based on the existence of at least three prior DUI's, Gaither was due no relief regarding his double jeopardy claim.
>
> For the foregoing reasons, the judgment of the trial court is due to be affirmed.
>
> AFFIRMED.

Petitioner sought rehearing, which was denied. He then sought review in the Alabama Supreme Court, which denied his petition for writ of *certiorari* by order dated January 12, 2007.

He appealed the second DUI and misdemeanor failure-to-stop, asserting a single claim that the trial court erred in failing to allow the jury to consider his defense of mental disease or defect. The Alabama Court of Criminal Appeals affirmed by memorandum opinion dated July 15, 2005, stating:

> The appellant, Larry Richard Gaither, was convicted of the felony offense of driving while under the influence of alcohol, a violation of § 32-5A-191(a)(2) and (h), Ala. Code 1975. He was sentenced to 10 years' imprisonment. He was ordered to pay a fine of $5000, a $50 assessment to the crime victim's compensation fund and court costs. This appeal followed.
>
> The record reveals that on June 21, 2003, Alabama Beverage Control Board Agents Stanley Ray and Todd Hatfield were on routine duty when they observed a car traveling westbound on Highway 202 with a broken rear window on the passenger side of the automobile. The agents continued to watch the car as the driver ran a stop sign. The agents activated their lights and commenced a traffic stop. Gaither stopped his vehicle and exited the car. Out of concern for their safety, the agents asked Gaither to return to his car, but he refused. The agents handcuffed Gaither, noting that his eyes were glassy, his speech was slurred, and there was a strong smell of alcohol about his person. After failing to successfully complete a series of field sobriety tests, Gaither was arrested for failure to yield to a traffic device and driving under the influence of alcohol.
>
> At his arraignment, Gaither pleaded not guilty to the charges. At trial, defense counsel explained that Gaither had refused to allow his counsel to proceed with the defense of "not guilty by reason of mental disease or defect." Gaither also filed numerous pro se pre-trial motions, including a motion requesting that the trial court allow him to be absent during the trial of his case. The trial court granted that motion and proceeded to trial without Gaither, who was represented only by defense counsel.
>
> I.
>
> Gaither argues that the trial court erred by withdrawing the mental disease and defect issue from the jury's consideration. Because there were no specific objections or a

motion raising this contention presented to the trial court, it is not properly before this Court for appellate review.

> "'Review on appeal is restricted to questions and issues properly and timely raised at trial.' Newsome v. State, 570 So. 2d 703, 717 (Ala. Crim. App. 1989). 'An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.' Pate v. State, 601 So. 2d 210, 213 (Ala. Crim. App. 1992). '"[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof."' McKinney v. State, 654 So. 2d 95, 99 (Ala. Crim. App. 1995)(citation omitted). 'The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So. 2d 880, 882 (Ala. 1987). 'The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.' Ex parte Works, 640 So. 2d 1056, 1058 (Ala. 1994)."

Ex parte Coulliette, 857 So. 2d 793, 794-95 (Ala. 2003). Accordingly, Gaither is due no relief as to this claim.

Moreover, even if Gaither had preserved this issue for appellate review, this Court has held that "[a] party cannot assume inconsistent positions at trial and on appeal; nor can a party allege as error actions by the trial court that were invited by him or were a natural consequence of his actions. Williams v. State, 710 So. 2d 1276, 1316 (Ala. Crim. App. 1996), aff'd, 710 So. 2d 1350 (Ala. 1997), and cases cited therein. Given that Gaither requested that his lawyer not pursue a defense based on the theory of his competency to stand trial, he cannot now claim reversible error for the trial court's failure to allow the issue of his mental competency to go to the jury.

II.

Gaither argues that the trial court erred when it failed to order a competency hearing to determine his competency to stand trial. He also contends that the trial court erred when it failed to instruct the jury on the charge of not guilty by reason of mental disease or defect. In support of his contentions, Gaither claims that the record revealing his history of mental illness, his numerous pro se motions, and his request not to be present

at his own trial created sufficient doubt as to his competency such that the trial court should have submitted the issue to the jury.

Alabama law is clear and well defined with regard to competency hearing. Section 15-16-21, Ala. Code 1975, states:

> "If any person charged with any felony is held in confinement under indictment and the trial court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity... ."

Section 15-16-21 "authorizes the trial court to make a preliminary determination (without the aid of a jury) as to whether there are reasonable grounds to doubt the defendant's competency to stand trial." Reese v. State, 549 So. 2d 148, 150 (Ala. Crim. App. 1989). "[T]he trial court is [, thus,] the screening agent" as to a request for a mental examination. Livingston v. State, 419 So. 2d 270, 274 (Ala. Crim. App. 1982).

The record contains no evidence regarding Gaither's mental history. Nothing in his pretrial motions and request to be absent from trial rely upon grounds of mental incompetence. Indeed, the record reveals the following exchange in open court:

> "[Defense Counsel]:   And the other thing I need to address Your Honor, is a letter that I received from my client. As you know, we filed a not guilty by reason of mental disease or defect or made an oral plea of not guilty by reason of mental disease or defect. And my client has stated to me in the letter that I would like to supply to the Court, if that's all right and have it made part of the record, that he is not incompetent and does not wish for me to use that defense.
>
>    Upon receiving that letter I contacted the Bar and the Bar told me that if I had a reasonable belief that my client was incompetent that I could continue with the defense. However, after researching this weekend the case law, I do not think that I can made a reasonable – or that I have a reasonable basis for continuing with that defense absent my client's permission.

> "[The Court]: Well, being very familiar with this defendant myself and having tried him ore tenus earlier this year, I don't think you could proceed under that defense either."

(R. 8.)

By Gaither's trial counsel's own admission, there were no reasonable grounds to doubt Gaither's competency to stand trial and the trial court concluded that there were no grounds to order a mental competency hearing. In addition, the record is void as to whether the issue was ever presented again to the trial court for potential submission to the jury. Thus, his argument that the trial court erred in withdrawing the issue from the jury's consideration is not supported. "[The] determination [of competency to stand trial] should be left to the discretion of the trial court." Baker v. City of Huntsville, 516 So. 2d 927, 931 (Ala. Crim. App. 1987).

For all of the foregoing reasons, the judgment of the trial court is due to be affirmed.

AFFIRMED.

Petitioner did not seek review in the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on August 3, 2005.

Petitioner filed the instant petition for writ of *habeas corpus* on September 28, 2005, presenting the following issues: (1) that the Alabama felony DUI statute is unconstitutional; (2) that the felony DUI convictions were obtained in violation of his right against double jeopardy; (3) that he was subjected to an unlawful arrest, search, and seizure; and (4) that he was denied his due process rights in that he was denied an initial appearance, bond hearing, preliminary hearing, mental competency hearing, and extradition hearing.[2] Pursuant to the court's order to show cause, the respondents filed

---

[2] The respondents treat these claims as separately numbered claims. They are not numbered or set out in any orderly fashion in the petition, but the many claims referred to by the petitioner are comprised in the three categories set forth by the court.

10

an answer on February 2, 2006, supported by exhibits. On February 3, 2006, the parties were notified that the petition would be considered for summary disposition, and petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>.

On October 18, 2006, the court entered an order directing petitioner to show cause why the petition should not be dismissed in order to allow petitioner to exhaust any unexhausted claims. Petitioner filed a motion to stay the petition in order to exhaust his claims. On January 22, 2007, petitioner informed the court that he had exhausted all of his claims. Pursuant to the court's order to show cause, on March 8, 2007, the respondents filed an additional response, reciting that the claims are procedurally defaulted. On March 9, 2007, the court again informed the petitioner that the petition would be subject to summary adjudication. Petitioner filed additional evidence and/or argument on March 14, 2007, March 15, 2007, and June 14, 2007.

## **PROCEDURAL DEFAULT**

In the instant case, all of the claims raised in the instant petition were raised in the Rule 32 petition. In the appeal from denial of that petition, however, petitioner raised only a single claim, which challenged Alabama's felony DUI statute on the ground that it violates the prohibition against double jeopardy. Accordingly, petitioner failed to assert the other claims in the appeal, and they are thus unexhausted.[3]

---

[3] It appears that petitioner also has abandoned all claims in this case except the claim that the felony DUI statute is unconstitutional. In his "motion to enter summary judgment" filed January 22, 2007, he seeks adjudication of the constitutionality of the statute, but does not refer to any other claims.

It is well settled that, before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. Exhaustion requires the state prisoner to give the state courts a full and fair opportunity to act on his claims before he presents them to a federal court through a *habeas* petition. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 526 U.S. 838, 144 L. Ed. 2d 1 (1999); see also 28 U.S.C. § 2254(b)(1). When a *habeas* claim has not been properly presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, however, the United States Supreme Court has held that it is procedurally defaulted. Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). The Court is not required to dismiss the claims as unexhausted when the defaults are apparent and it would be futile to send the petitioner back to state court only to be faced with them. See Collier v. Jones, 910 F.2d 770 (11th Cir. 1990); Whiddon v. Dugger, supra.

Such is the case here with respect to all claims, except the constitutional challenge to the felony DUI statute. Although petitioner raised other claims in his Rule 32 petition, he did not raise those claims or seek review on appeal. He did not seek certiorari review in the Alabama Supreme Court, leaving the claims both unexhausted and procedurally defaulted. He cannot now seek to appeal the claims, nor can he re-file a new Rule 32 petition asserting the claims anew, because such a petition would be successive and time barred under Rule 32.2(b) and (c) of the Alabama Rules of Criminal Procedure. Petitioner has offered no showing of "cause and prejudice" to excuse the procedural default, nor has he made any showing of actual innocence with respect to the convictions. See Wilson v. Jones, 902 F.2d 923, 925 (11th Cir. 1990); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 71, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). Accordingly, all

claims, except the claim challenging the felony DUI statute on grounds that it violates the prohibition against double jeopardy, are due to be dismissed as unexhausted and procedurally defaulted.

### PRESUMPTION OF CORRECTNESS

Respondents point out that the sole remaining claim — that Alabama's felony DUI statute is an unconstitutional violation of double jeopardy — has been adjudicated on the merits in petitioner's Rule 32 petition. The state court addressed petitioner's challenge to the constitutionality of the statute, and held that the statute did not constitute double jeopardy because it did not impose punishment for the prior convictions, but used the convictions to enhance his punishment for the instant conviction. The state appellate court affirmed the trial court after examining the claims on the merits.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief on these claims only if he shows that the Alabama Court of Criminal Appeals' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). See Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). This standard of review is strict, and federal courts are required to give "greater deference to the determinations made by state courts than they were required to under the previous law." Verser v. Nelson, 980 F. Supp. 280, 284 (N.D. Ill. 1997)(quoting Spreitzer v. Peters, 114 F.3d 1435, 1441 (7th Cir. 1997)).

The state court determination of an issue will be sustained under § 2254(d)(1) unless it is "contrary" to clearly established, controlling Supreme Court law or is an "unreasonable application" of that law. These are two different inquiries not to be confused. The Supreme Court has explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States." (Emphases added.)

Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state-court determination is "contrary" to clearly established law in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Id. at 405. Likewise, a state-court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 407; see Putman v. Head, 268 F.3d 1223 (11th Cir. 2001).  Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable."  The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

In this case, the Alabama Court of Criminal Appeals decided whether the statute is constitutionally infirm, as alleged by petitioner.  The petitioner has failed to establish that the Alabama Court of Criminal Appeals' adjudication of his double-jeopardy claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The case petitioner relies upon, Baldasar v. Illinois, 446 U.S. 222, 100 S. Ct. 15485, 64 L. Ed. 2d 169 (1980), concerns the Sixth Amendment right to counsel concerning sentencing enhancement under the federal Sentencing Guidelines based upon prior uncounseled misdemeanor convictions, and therefore is inapplicable here.  In any event, Baldasar was overruled by Nichols v. United States, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994).  The state courts correctly noted that recidivist statutes, including the one challenged by petitioner, look to the prior convictions for sentencing purposes only, and do not punish the prior conduct.  Accordingly, petitioner has failed to show that the conclusion reached by the Alabama state court was different from a factually similar Supreme Court case.  Likewise, he has failed to show that the state court's application of the law was objectively unreasonable.  Thus, petitioner's sole remaining claim is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petitioner has procedurally defaulted most of his claims, and that the only remaining claim was determined by the Alabama courts in a way that was neither contrary to nor an unreasonable application of federal law. By separate order, the court will deny and DISMISSED WITH PREJUDICE the petition for writ of *habeas corpus* under 28 U.S.C. § 2254

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

Done this 27th day of September, 2007.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**